UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH ALEJANDRO ORTEGA,**<br>    **Plaintiff,**<br>  vs.<br>**KURT RODENSPIEL** *et al.*,<br>    **Defendants.** | Case No.: 10-CV-3239 YGR<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |

This is a civil rights action for injuries sustained when Defendant Officer Kurt Rodenspiel shot Plaintiff Joseph Alejandro Ortega in the back. The Court ruled that Officer Rodenspiel was entitled to qualified immunity because his use of deadly force was objectively reasonable under the circumstances and entered summary judgment in Defendants' favor.

Plaintiff has filed a Motion to Alter or Amend the Judgment on the grounds that the Court made numerous legal and factual errors when granting Defendants' Motion for Summary Judgment.

Having carefully considered the papers submitted, and for the reasons set forth below, the Court **DENIES** the Motion because Plaintiff has failed to show that the Court committed clear error in granting Defendants' summary judgment motion.[1]

**A.  BACKGROUND**

The Court ruled that Officer Rodenspiel was entitled to qualified immunity for shooting Plaintiff in the back while Plaintiff was seated in the driver's seat of his automobile and entered

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for resolution without oral argument. Accordingly, the Court **VACATES** the hearing set for May 28, 2013.

summary judgment in Defendants' favor.  The Court accepted the determination by the jury in Plaintiff's criminal trial that Plaintiff drove his vehicle into a vehicle driven by police officers Mefford and Venikov "in such a way that was capable and likely to cause death or great bodily injury" to Officers Mefford and Venikov.  Based upon that jury finding, the Court found that Defendants carried their initial burden on summary judgment to show the absence of a genuine issue of fact regarding whether Officer Rodenspiel's use of deadly force was objectively reasonable under the circumstances.  The burden shifted to the Plaintiff to show that there was a genuine issue of fact for trial, which he failed to do.  Plaintiff disagrees and moves the Court to reconsider.

**B.    LEGAL STANDARD**

A court may alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Grounds for which relief under Rule 59(e) may be granted are:  "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  However, alteration or amendment of a judgment under Rule 59(e) is an "extraordinary" remedy that in the interests of finality and conservation of judicial resources "should be used sparingly." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 MOORE'S FED'L PRAC. § 59.30 (3d ed. 2000)).  A judgment should not be disturbed unless the Court is left with a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Because this requirement presents such "a high hurdle … [j]udgment is not properly reopened 'absent highly unusual circumstances.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

**C.    ANALYSIS**

Plaintiff argues that the Court made numerous legal and factual errors when ruling on the Defendants' Motion for summary judgment.  Obtruded upon these arguments is his attempt to relitigate whether genuine issues of fact exist regarding the temporal relationship between the collision and shooting.  The Court concluded that there was none and entered summary judgment in Defendants' favor.

2

There is not "a magical on/off switch that triggers rigid preconditions" for the use of deadly force. *Scott v. Harris*, 550 U.S. 372, 382 (2007). The Defendants carried their initial burden on summary judgment to show Officer Rodenspiel's use of force was objectively reasonable. Defendants' burden did not require that they eliminate all metaphysical doubt as Plaintiff suggests, only the absence of a genuine issue of fact for trial. Having carried their burden, Plaintiff needed to show that there was some genuine issue of fact for trial, which he failed to do. Ortega did not provide any legal authority that would suggest this particular temporal issue raised a triable issue of fact; nor could the Court find any.

Plaintiff disagrees with the Court's decision and seeks to rehash arguments previously presented under the guise that the Court ignored the facts, the law, or both. The Court considered his arguments and ruled in favor of the Defendants. A motion under Rule 59 is not a vehicle for an unsuccessful party to "rehash" arguments previously presented. *Mitchell v. Asuncion*, 12-CV-5935 PJH, 2013 WL 2016136 (N.D. Cal. May 13, 2013) (quoting *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As such, Plaintiff fails to meet his burden in establishing that the Court committed clear error in granting Defendants' summary judgment motion.

**D.   WHETHER A STAY OF THIS MOTION IS APPROPRIATE**

Plaintiff has filed a Petition for Writ of Habeas Corpus in the San Mateo County Superior Court and requests that the Court delay ruling on his motion to set aside the judgment until the Superior Court has ruled on his habeas petition. At Plaintiff's request, the Court already delayed ruling on Defendants' Motion for Summary Judgment pending resolution of Plaintiff's criminal appeal. Now Plaintiff seeks another delay pending resolution of his post-appeal habeas petition.

Plaintiff argues that if his habeas petition is granted, it would be grounds to alter or amend the judgment under Rule 59(e) because it would constitute new evidence. Grounds for filing a motion under Rule 59(e) include presenting newly discovered or previously unavailable evidence. However, other than to request that the Court delay ruling on his motion, Plaintiff has not presented this ground in his motion. Indeed, this ground to alter or amend the judgment is not presently available and it remains speculative that it ever will be available.

  If Plaintiff is granted the habeas relief he seeks, he will have to file a motion to present this ground for relief under Rule 59(e).  Plaintiff has not presented any advantage to delaying resolution of the current motion, which does not present this ground for relief.  Accordingly, the interests of finality of the judgment outweigh any interest Plaintiff may have in delaying resolution of his motion.

### E.  CONCLUSION

  For the reasons set forth above, Plaintiff's Motion to Alter or Amend the Judgment (Dkt. No. 110) is **DENIED**.

  This terminates Dkt. No. 109.

  **IT IS SO ORDERED**.

**Date: May 24, 2013**

                _____
                **YVONNE GONZALEZ ROGERS**
                **UNITED STATES DISTRICT COURT JUDGE**